COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| MICHAEL DEWAYNE ANDERSON, | § | |
| | | No. 08-15-00237-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 282nd District Court |
| THE STATE OF TEXAS, | § | |
| | | of Dallas County, Texas |
| Appellee. | § | |
| | | (TC# F-1423772-S) |
| | § | |

## <u>MEMORANDUM OPINION</u>

Appellant Michael DeWayne Anderson appeals from his conviction for aggravated sexual assault and 30-year sentence. In his sole point of error, Appellant argues the trial court erroneously charged the jury at punishment on his eligibility for parole. Appellant's argument has been rejected by the Court of Criminal Appeals. We affirm.[1]

After the jury found Appellant guilty of aggravated sexual assault and heard evidence regarding punishment, the trial court charged the jury and included the statutory instruction regarding the possible effect of good-conduct credits on Appellant's sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (West Supp. 2015). As required, the instruction informed the

---

[1] This case was transferred from the Dallas Court of Appeals, and we decide it in accordance with the precedent of that Court to the extent required by TEX. R. APP. P. 41.3.

jury that it could not "consider the extent to which good conduct time may be awarded to or forfeited by [Appellant] . . . [or] the manner in which the parole law may be applied" to Appellant. *See id*. Under the law applicable to Appellant's conviction for aggravated sexual assault, Appellant was not eligible for release on mandatory supervision based on good-conduct credits. *See* TEX. GOV'T CODE ANN. §§ 508.145(d), 508.149(a) (West Supp. 2015); TEX. PENAL CODE ANN. § 22.021(a, b) (West Supp. 2015). Appellant argues that the inclusion of the good-conduct-time instruction was erroneous because it did not apply to his conviction. This issue has been decided firmly against Appellant. The Court of Criminal Appeals has held that the trial court is statutorily required to give the instruction under Article 37.07, Section 4 even if the instruction has no effect on a defendant's eligibility for mandatory supervision. *Luquis v. State*, 72 S.W.3d 355, 363 (Tex.Crim.App. 2002). The Court concluded that, accordingly, a trial court neither errs nor violates a defendant's due process rights in giving the statutorily required instruction even though inapplicable. *Id.* at 364-68.

We are bound by this precedent and therefore conclude the trial court did not err by including the required good-conduct-time instruction even though inapplicable to Appellant. *See Jamison v. State*, No. 05-15-00086-CR, 2016 WL 1725489, at *5 (Tex.App. – Dallas April 27, 2016, no pet. h.) (mem. op., not designated for publication) (trial court does not err in giving statutorily-mandated instruction on parole and good-conduct time even when defendant is not eligible for good-conduct credit); *Wagner v. State*, No. 08-09-00021-CR, 2010 WL 2163845, at *6 (Tex.App. – El Paso May 28, 2010, pet. ref'd) (not designated for publication) (same); *Contreras v. State*, No. 05-05-00570-CR, 2005 WL 3528782, at *9 (Tex.App. – Dallas Dec. 27, 2005, no pet.) (not designated for publication) (same).

We overrule Appellant's point of error and affirm the trial court's judgment.

STEVEN L. HUGHES, Justice

May 25, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)